IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **ALA ALSHERBINI**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 10 C 6781 |
| | ) | |
| v. | ) | District Judge Blanche Manning |
| | ) | |
| | ) | Magistrate Judge |
| **VILLAGE OF WORTH**, *et al.*, | ) | Martin C. Ashman |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

On October 21, 2010, Plaintiff Ala Alsherbini ("Alsherbini") filed this action against the Village of Worth and various individual defendants (collectively, "Defendants"), alleging violations of his rights under the Fourteenth Amendment, discriminatory conduct prohibited by 42 U.S.C. § 1981, and various state-law claims based on actions taken by the Defendants against what was alleged to have been Alsherbini's business enterprise, Friend's Café & Lounge Corp. ("Friend's Café"). The complaint alleged that Alsherbini was the owner of Friend's Café. During discovery, however, Defendants learned for the first time that the real owner was Alsherbini's father, Mustafa Alsherbini, during the time period at issue in the complaint. On September 12, 2011, Mustafa Alsherbini assigned any interest he had in this proceeding to Alsherbini.

On September 28, 2011, Alsherbini submitted a motion for leave to file an amended complaint to substitute Friend's Café as the plaintiff. For reasons that have not been fully explained, Alsherbini claims that his counsel recently learned that the real party in interest in this suit is not Alsherbini, but Friend's Café itself. According to the motion, however, Friend's Café

was administratively dissolved on May 14, 2010 for failing to file an annual report. The motion sought leave to substitute Friend's Café as the plaintiff in this matter, and Defendants objected on the grounds of undue delay and prejudice. The Court held a hearing on October 28, 2011 and denied the motion without prejudice. The Court was concerned by the fact that Alsherbini failed to provide a copy of the amended complaint with the motion, thereby depriving the Defendants of an opportunity to review it and to state all of their potential objections. Alsherbini was given leave to refile the motion, together with the amended complaint, by November 2, 2011, with any objections to be filed by November 23, 2011. He has now done so, and Defendants have not posed any objections to it.

Federal Rule of Civil Procedure 15(a) permits leave to amend when justice so requires, and leave to do so is ordinarily liberally granted. *See Bressner v. Ambroziak*, 379 F.3d 478, 484 (7th Cir. 2004). Although the Court has some concern as to why Alsherbini did not know that he had an ownership interest in Friend's Café at the time of the original filing, and why Friend's Café could not have been identified as the real party in interest at an earlier date, Defendants have not asserted any of the objections they raised to Alsherbini's original motion to substitute Friend's Café in this suit. Rule 17(b)(2) provides that a corporation's right to sue or be sued is determined by the law of the state in which the corporation was organized. Fed. R. Civ. P. 17(b)(2). Under Illinois law, a dissolved corporation may file claims which the corporation would have possessed prior to dissolution, subject to a five-year statute of limitations. 805 ILCS 5/12.80; *Pielet v. Pielet*, 407 Ill.App.3d 474, 493, 942 N.E.2d 606 (Ill.App.Ct. 2010). Defendants did not dispute in their prior objections that the events at issue in this suit arose before the May 2010 dissolution of Friend's Café.

Accordingly, the Court finds that leave to substitute Friend's Café as the plaintiff in this case is proper, and Plaintiff's motion (Dckt. # 65) is granted.

**ENTER ORDER:**

_____
**MARTIN C. ASHMAN**
United States Magistrate Judge

Dated: December 7, 2011.